# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 4542 | **DATE** | 2/26/2001 |
| **CASE TITLE** | Dr. Sham Gandhi, et al vs. CDEC Corp., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion and Order. This Court not only approves both requests in full but also orders that they be assessed jointly and severally against the nonsettling Defendants and CDEC. In rendering those awards, this Court recommends that all reasonable efforts be made to maximize recovery against the nonsettling Defendants, thus minimizing the extent of the circularity that would be involved in causing the plaintiffs and other CDEC shareholders to bear the financial burden of expenses that have been created by the wrongdoing of the nonsettling defendants.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 8 2001 | 186 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | XO | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/26/2001 | |
| SN | courtroom deputy's initials | FOR DOCKETING  FEB 27 PM 4: 21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 2 8 2001

DR. SHAM GANDHI, et al., etc., )
)
       Plaintiffs, )
)
   v. )     No. 95 C 4542
)
CDEC CORPORATION, et al., )
)
       Defendants. )

<u>MEMORANDUM OPINION AND ORDER</u>

Two requests for the award of attorneys' fees and costs have been tendered in connection with the ultimate wind-up of this action, which has long since been closed in the statistical sense:

    1. Steven Gistenson, previously counsel for the receiver pendente lite for nominal defendant CDEC Corporation ("CDEC")--this was a shareholders' derivative action on behalf of CDEC--seeks an award in the aggregate sum of $25,703.79.

    2. CDEC shareholders Dr. Sham Gandhi and Dr. Ishwara Sharma, plaintiffs in the derivative action, seek an award of $68,057.25 in attorneys' fees and $5,550.87 in litigation expenses, or a total of $73,608.12.

Only one objection has been received, that interposed by defendant Richard Lentola ("Lentola") objecting to any imposition of personal liability against him for the requested awards.

This Court has reviewed both requests, finds each to be

reasonable in amount, and accordingly grants awards in the amounts requested. As for the parties or entities against whom or which the award should be made, Lentola's objection is rejected. Only a brief explanation is required in that respect.

It is not true, as Lentola contends, that liability for the payment of such services is limited by the "common fund" doctrine or like constraints. And that is true as to both requests here.

As for the receiver's request advanced by Gistenson, our Court of Appeals has announced in Gaskill v. Gordon, 27 F.3d 248, 251 (7th Cir. 1994) that the general rule of charging the expenses and fees of a receivership on the property administered is subject to equitable considerations:

> Receivership is an equitable remedy, and the district court may, in its discretion, determine who shall be charged with the costs of the receivership.

In this instance the actionable misconduct of Lentola and of Donald Desmond and Rao Channapragada (all three are collectively referred to as "Nonsettling Defendants") was the direct cause of this litigation and of the extensive work that had to be done by and on behalf of the current applicants. And that provides equitable justification for charging them with the receiver's and his counsel's expenses.

As for the Gandhi-Sharma petition, the memorandum in support of their request correctly points out that although Nevada courts (Nevada provides the rules of decision here) have not addressed

2

the issue directly, other jurisdictions that apply "common fund" principles have also mulcted miscreant individuals for fees and expenses--and Illinois courts are a model in that respect (see, e.g., <u>Lasday v. Weiner</u>, 273 Ill.App.3d 461, 465, 652 N.E.2d 1198, 1201 (1st Dist. 1995) and cases cited there).

Accordingly this Court not only approves both requests in full but also orders that they be assessed jointly and severally against the Nonsettling Defendants and CDEC. In rendering those awards, this Court recommends that all reasonable efforts be made to maximize recovery against the Nonsettling Defendants, thus minimizing the extent of the circularity that would be involved in causing the plaintiffs and other CDEC shareholders (other than the Nonsettling Defendants, that is) to bear the financial burden of expenses that have been created by the wrongdoing of the Nonsettling Defendants.

Milton I. Shadur
Senior United States District Judge

Date: February 26, 2001

3